

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. O. Murdoch
County Attorney
Menard County
Menard, Texas

Dear Sir:

Opinion No. O-4058
Re: Is a State Game Warden entitled
to collect an arresting fee of
$2.00 for making an arrest in
misdemeanor cases involving the
violation of the game laws?

We quote from your letter requesting an opinion of this department on the above stated question as follows:

"Is a State Game Warden entitled to collect an arresting fee, fee of $2.00, for making an arrest in misdemeanor cases envolving the violation of the game laws?

"ARTICLE NO. 1065 of the Code of Criminal Procedure of Texas provides:

"'The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.'

"ARTICLE NO. 4024 of the Civil Statutes of Texas provides:

"'In making arrests. . ., the Commissioner or his deputies shall be allowed the same fees and mileage as sheriffs, the same to be charged and collected as are sheriff's fees.'

"Though Article No. 4024, above mentioned, probably was, and I think it was, repealed by Article 978f of the Penal Code of Texas, which abolished the office of Commissioner, it seems that under ARTICLE No. 1065 of the Code of Criminal Procedure Game wardens as 'other peace officers' are entitled to collect fees for making arrests, unless the legislature limits the compensation of Game Wardens under Section 7 of

Article 978f, above mentioned, to such an extent that said
fees would not be allowed. I do not know of any law that
limits same. And, too, under said Section 7 the Game, Fish
and Oyster Commission has the power to limit said compensa-
tion. Since I do not know of any regulation of the said
Commission or law prohibiting or limiting the compensation
of Game Wardens to the extent that they cannot collect fees
for making arrest, it is my opinion that they may, until
such limitations are placed upon them. However, I do not
have a copy of the regulations of said Commission."

Senate Bill No. 83, Acts of the 41st Legislature, Regular Ses-
sion, 1929, (Article 978f, Vernon's Annotated Penal Code) was an act
abolishing the office of Game, Fish and Oyster Commissioner and creat-
ing the Game, Fish and Oyster Commission; vesting all of the authority,
power and duties and functions of said Commissioner in the Game, Fish
and Oyster Commission created and provided for in the Act; providing
for the appointment, compensation, bond, duties and functions of the
Game, Fish and Oyster Commission, providing for an Executive Secretary,
Assistant Executive Secretary, to be appointed by the Commission and
providing for all necessary Game and Fish Wardens, Division Heads and
other employees of the Game, Fish and Oyster Commission, and changing
the law of the State of Texas in such respects as necessary in order
to carry out the purposes of the Act; enacting the necessary matters
and things incidental the purpose and subject of the Act; making the
necessary appropriation out of the State Treasury; providing that the
Act would take effect, declaring the rule of construction, repealing
all laws and parts of laws in conflict therewith and declaring an emer-
gency.

Section 7 of the above mentioned Act expressly provides in
part, ". . . the compensation of all division heads, Game and Fish Ward-
ens and other employees of the Game, Fish and Oyster Commission, herein
provided for, shall be fixed by the Game, Fish and Oyster Commission;
provided that the Legislature in each biennial appropriation bill shall
fix the maximum compensation to be paid to such division heads, Game
Wardens and other employees."

Senate Bill No. 423, Acts of the 47th Legislature, Regular
Session, 1941, is a general appropriation bill for the executive and
administrative departments of the State government. The salaries of
Game and Fish Wardens for the fiscal years ending August 31, 1942, and
August 31, 1943, are appropriated therein.

The Game and Fish Wardens of this State are compensated on
an annual salary basis and no compensation or fees are allowed for their
services as such, other than the compensation provided in the General
Appropriation Bill above mentioned.

We quote from an opinion of this department written September
24, 1936, addressed to the Game, Fish and Oyster Commission, Austin,
Texas, written by Honorable Harry S. Pollard, as follows:

". . . As none of the game and fish wardens or other employees of the Game, Fish & Oyster Commission are entitled to collect, receive and retain for their personal use and benefit any arrest fees allowed by law, which are assessed and collected as costs of court, they would not be entitled to retain for their personal use any part of the fines or penalties assessed for violations of the pollution laws, even if Articles 950 and 951, as amended, of the Revised Code of Criminal Procedure of 1925 were applicable to criminal cases arising under the pollution statutes. While it is provided by legislative enactment that the Game, Fish & Oyster Commission is entitled to collect and receive the same fees and mileage as sheriffs in making arrests, summoning witnesses and serving processes, such fees and mileage to be charged and collected as are sheriff's fees, such items cannot lawfully be retained as the personal property of the arresting officer. As respects game and fish wardens and other employees of the Game, Fish & Oyster Commission, such fees when assessed and collected must be accounted for and remitted to the Commission and by it deposited in the State Treasury to the credit of the proper fund."

We are enclosing a copy of the above mentioned opinion for your information.

Yours very truly

APPROVED NOV 4, 1941                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

FIRST ASSISTANT                         By  /s/ Ardell Williams
ATTORNEY GENERAL                              Ardell Williams
                                                    Assistant

AW:LM:LM

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN